IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02265-REB-KLM

VICTORIA CARBAJAL,
HEBER MARTIN CARBAJAL, and
DEAN CARBAJAL,

    Plaintiffs,

v.

WELLS FARGO, a corporation,
MELVA JACKSON, manager for Wells Fargo, in her individual capacity,
CARROL DWYER, supervisor for Wells Fargo, in her individual capacity, and
IRMA LORENA HOLGUIN, lead teller for Wells Fargo, in her individual capacity, and
UNKNOWN EMPLOYEE, teller or banker for Wells Fargo, in her individual capacity,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' failure to respond to the Order to Show Cause issued September 1, 2011 [Docket No. 4]. In the Order to Show Cause, the Court instructed Plaintiffs to show cause, in a writing filed with the Court on or before September 12, 2011, as to why the Court should not recommend that this matter be dismissed without prejudice for lack of subject matter jurisdiction. To date, Plaintiffs have not responded, nor have they requested an extension of time in which to do so.

    "[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998)). "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiffs bear the burden of establishing the court's subject matter jurisdiction. *E.g.*, *Showalter v. Weinstein*, 223 F. App'x 803, 807 (10th Cir. 2007).

Plaintiffs cite to 28 U.S.C. §§ 1331, 1332, and 1367 as the jurisdictional bases for their claims. *Compl.*, Docket No. 1 at 3. Section 1331 establishes federal question jurisdiction, Section 1332 governs diversity jurisdiction, and Section 1367 conveys discretionary supplemental jurisdiction over claims related to those brought pursuant to Sections 1331 or 1332. Plaintiffs bring two claims asserting violations of their federal constitutional rights preserved by the Fourth and Fourteenth Amendments and one claim alleging a breach of fiduciary duty, which is rooted in state law. *See Compl.*, Docket No. 1. Plaintiffs request attorneys' fees and costs pursuant to 42 U.S.C. § 1988, which provides for an award of fees in an action to enforce certain civil rights statutes, including 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). On the Civil Cover Sheet accompanying the Complaint, Plaintiffs indicate that the basis for this court's jurisdiction is federal question (28 U.S.C. § 1331), and the United States Government is not a party. The Office of the Clerk of Court, in accepting the case for filing, designated the cause of action as pursuant to 42 U.S.C. § 1983, which would satisfy federal question jurisdiction if properly asserted.

42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). The only proper defendants in a § 1983 action are those who "represent [the state] in some capacity,

whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172 (1961).

Here, Plaintiffs sue a private corporation, Wells Fargo, and three of its employees, in their "individual" capacities. Wells Fargo is not a state actor, nor are its employees, and Plaintiffs present no allegations that Wells Fargo and the individual defendants acted under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how ... wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation omitted). Therefore, the Court is not satisfied that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Furthermore, the information provided by Plaintiffs to date indicates that 28 U.S.C. § 1332 does not provide a basis for subject matter jurisdiction in this case. Diversity jurisdiction pursuant to Section 1332 requires that the matter be a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (citation omitted). In the "Parties" section of the complaint, Plaintiffs indicate that they are each residents of Colorado, Defendant Wells Fargo's principal place of business is in California, and the three individual defendants are also residents of Colorado. *Compl.*, Docket No. 1 at 3-5. As Plaintiffs and the individual defendants are citizens of the same state (Colorado, considering Plaintiffs' assertions of residency), the matter is not completely diverse. Thus, the Court is not satisfied that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

For the reasons stated above, and without the benefit of clarification through a response to the Order to Show Cause, the Court concludes that Plaintiffs fail to establish

the requirements for either federal question jurisdiction (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332). Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), the Court respectfully **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

IT IS HEREBY **ORDERED** that the Scheduling Conference set for November 2, 2011, at 10:00 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated at Denver, Colorado: September 13, 2011

                                            s/ Kristen L. Mix
                                            Kristen L. Mix
                                            United States Magistrate Judge

---

[1] "In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004).